UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCIERGE AUCTIONS, LLC, et al., Plaintiffs, v. ANTHONY J. MARTERIE, et al., Defendants. | Case No. 19-cv-01032-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

The Marteries' motion to dismiss for lack of jurisdiction is denied because "there was no showing of the requisite exceptional circumstances" necessary to dismiss pursuant to the *Colorado River* doctrine. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 19 (1983). The Supreme Court's decision in *Moses H. Cone*, a case with very similar facts, dictates the result here. *See id.* at 4. Only the factor of "paramount" concern – the danger of piecemeal litigation – warrants discussion here. *See id.* at 19. In *Moses H. Cone*, Party A had an arbitration agreement with Party B, but not with Party C. Therefore, if the petition to compel was granted, Party A's dispute with Party B would proceed in arbitration, while Party A's dispute with Party C would remain in state court. The Supreme Court recognized that it was the arbitration agreement, not the district court's exercise of jurisdiction, that caused the splintering of the lawsuit. *See id.* at 19-20. The fact that, in this case, Party A's dispute with Party C is also governed by an arbitration agreement (albeit a different one) does not change the result. If this whole dispute is ultimately litigated in separate proceedings, it would again be the fault of the arbitration agreements – in this case two instead of one.

The motion to dismiss for improper venue is also denied. The Marteries argue that the

proper venue for this case is Sonoma County, a state court venue, rather than the County of San Francisco. That argument makes little sense in federal court, however, given that both counties fall within the federal Northern District of California.

**IT IS SO ORDERED.**

Dated: June 11, 2019

_____
VINCE CHHABRIA
United States District Judge