UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCIERGE AUCTIONS, LLC, et al.,<br><br>Petitioners,<br><br>v.<br><br>ANTHONY J. MARTERIE, et al.,<br><br>Respondents. | Case No. 19-cv-01032-VC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 43 |

It may superficially appear that the Marteries were the prevailing parties in this action to compel arbitration, because this Court did not award Concierge Auctions any of the relief it sought. But the petition filed by Concierge Auctions had merit; the only reason this Court did not compel arbitration is that the Sonoma County Superior Court did so first (after this Court delayed consideration of the matter to give the superior court a chance to rule). Therefore, with respect to the primary relief sought by Concierge Auctions, the Marteries can hardly be said to have prevailed. Later, Concierge Auctions asked this Court to enjoin the superior court's decision to stay the arbitration, and this Court declined. But this did not bring the Marteries any closer to prevailing party status. There was, again, strength in the legal argument asserted by Concierge Auctions that the superior court lacked authority to stay the arbitration. This Court merely denied the injunction request as a matter of discretion, mainly because the issue could be considered by the California Court of Appeal in a writ action. Considered in this context, it is clear that neither side was the "prevailing party" in the action filed in this Court, whether under the California

Civil Code or any other meaning of that term. *See* Cal. Civ. Code § 1717; *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 977 (2017); *Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 544-46 (2012); *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995); *Santisas v. Goodin*, 17 Cal. 4th 599, 616 (1998). Nor, incidentally, was the decision by Concierge Auctions to seek relief in this Court unreasonable from a procedural standpoint given the unusual circumstances of this three-party dispute. The Marteries' motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: December 19, 2019

VINCE CHHABRIA
United States District Judge